Peters *vs.* Bradford.

WILLAM M. PETERS, plaintiff in error, *vs.* J. J. BRADFORD, sheriff, *et al.*, defendants in error.

(BY TWO JUDGES.)—A non-resident plaintiff in *fi. fa.*, whose judgment was obtained on a debt, contracted prior to June, 1865, may claim money brought into Court by junior judgments without attaching the affidavit of payment of taxes required by the Act of 1870, when his non-residence appears by affidavit or other proof. 5th March, 1872.

Relief Act of 1870.    Before Judge JOHNSON.    Muscogee Superior Court.    May Term, 1872.

Bradford, sheriff, had in hand a fund for distribution among the judgment creditors of Winter. Peters had the oldest judgment against Winter, and asked that it be first paid, because it was founded upon a contract made before June, 1865; and Peters had filed no affidavit as to payment of taxes on the claim, as required by the Relief Act of 1870. The Court refused to let him be paid, and ordered the sheriff to pay the junior judgments, notwithstanding, Peters offered to prove that, since the creation of the debt, he had never resided in Georgia. This ruling is assigned as error.

L. T. DOWNING, for plaintiff in error.

H. L. BENNING, for defendants.

MONTGOMERY, Judge.

Peters' execution was founded on a debt created before June, 1865. The executions of other creditors, claiming the funds in the hands of the sheriff, were founded on debts created since June, 1865. Peters had paid no taxes, but offered to prove his non-residence, in Georgia, since the creation of the debt, and asked an order directing the sheriff to satisfy first his execution, which was the oldest. The Court required him to prove payment of taxes on his debt, and, on his failure to comply, refused his order, and passed one directing the sheriff to pay the money over to the junior executions. Peters excepted.

The case is controlled by the decision of this Court in *Williams vs. Mandell*, delivered September 26th, 1871, after Judge Johnson decided this case.   The plaintiff (Peters) should have been allowed to prove his non-residence.   The proof made, no taxes were due, and his execution was entitled to priority, so far as the objection made is concerned.

Judgment reversed.